UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STARR INDEMNITY & LIABILITY COMPANY,
as subrogee of Sunny Isles Property Venture, LLC,

    Plaintiff,

vs.                                              CASE NO.: _____

BOSCH THERMOTECHNOLOGY CORP.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Bosch Thermotechnology Corp. (hereinafter, "Bosch"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, on the following grounds:

### BACKGROUND

1. On or about July 12, 2022, Starr Indemnity & Liability Company, as subrogee of Sunny Isles Property Venture, LLC ("Plaintiff"), filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned STARR INDEMNITY & LIABILITY COMPANY, as subrogee of Sunny Isles Property Venture, LLC, Plaintiff, vs. BOSCH THERMOTECHNOLOGY CORP. ("Bosch"), Defendant, Case Number 2022-011576-CA-01.

2. On or about July 19, 2022, Plaintiff served the Summons and Complaint on Bosch through its agent for service of process.

1

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### DIVERSITY OF CITIZENSHIP

4. Plaintiff Starr Indemnity & Liability Company is a New York Corporation with its principal place of business is in New York, New York. (Complaint, at ¶ 1). The citizenship of a corporation is determined by its principal place of business and state of incorporation. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ..."). Therefore, Plaintiff is a citizen of the state of New York.

5. The Complaint alleges, upon information and belief, that Defendant Bosch Thermotechnology Corp. is a Delaware corporation with its principal place of business at 50 Wentworth Avenue, Londonberry, New Hampshire 03053. (Complaint, at ¶ 3). Although the allegations that Bosch is a Delaware corporation are correct, the allegations regarding Bosch's principal place of business are incorrect because its principal place of business is in the State of Massachusetts. Nonetheless, diversity jurisdiction exists in either scenario. Therefore, Bosch is a citizen of Delaware and Massachusetts.

6. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same states as Bosch. *See* 28 U.S.C. § 1332(a). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

**AMOUNT IN CONTROVERSY**

7. Plaintiff alleges "[t]he amount in controversy in this lawsuit is within the jurisdiction of [the Circuit] Court and exceeds the [Circuit] Court's minimum requirement." (Complaint, at ¶ 4). Specifically, Plaintiff alleges its insured "suffered damages totaling, at least, $450,194.57," which damages Plaintiff paid. *Id.* at ¶¶ 12-14; 24-26; 36-38.

8. "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy". 28 U.S.C. § 1446(c)(2).

9. Although Bosch denies that Plaintiff is entitled to any monetary relief whatsoever, based on the amount of damages alleged in the Complaint, Bosch believes in good faith that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1).

**PROCEDURAL COMPLIANCE**

10. This Notice of Removal is timely because it was filed within 30 days after receiving the pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

11. Removal to the Miami Division of this Court is appropriate because the action was filed in Miami-Dade County, Florida.

12. As required by 28 U.S.C. § 1446(a), true and correct copies of all of the process, pleadings, orders and papers on file with the state court in this action are attached as **Composite Exhibit A**.

13. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the state court clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Bosch Thermotechnology Corp., by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022-011576-CA-01 to the United States District Court for the Southern District of Florida, Miami Division.

## CERTIFICATE OF SERVICE – CM/ECF

I hereby certify that on August 8, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and furnished a copy via email to M. Kathryn Smith, Esquire, *attorneys for Plaintiff*, at kathy@kathrynsmithlawfirm.com and melanie@kathrynsmithlawfirm.com.

Respectfully submitted,

Hill Ward Henderson, P.A.

*/s/ William J. Judge, Jr.*
William J. Judge, Jr. (FBN: 426296)
Nicole D.D. Walsh (FBN: 111961)
Post Office Box 2231
Tampa, FL  33601
william.judge@hwhlaw.com
nicole.walsh@hwhlaw.com
lori.williamson@hwhlaw.com
debra.whitworth@hwhlaw.com
813-221-3900; 813-221-2900 (fax)
*Counsel for Defendant*