Filing # 152115730 E-Filed 06/24/2022 09:07:18 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STARR INDEMNITY & LIABILITY COMPANY,
as subrogee of Sunny Isles Property Venture, LLC,

                                                    CASE NO.:

    Plaintiff,

v.

BOSCH THERMOTECHNOLOGY CORP.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, STARR INDEMNITY & LIABILITY COMPANY, as subrogee of Sunny Isles

Property Venture, LLC, ("Plaintiff") by and through undersigned counsel, sues Defendant,

BOSCH THERMOTECHNOLOGY CORP. and alleges as follows:

## PARTIES

1.      Plaintiff Starr Indemnity & Liability Company is a New York corporation, with its

principal place of business in New York, New York, authorized to write policies of insurance in

the State of Florida, and at all relevant times set forth herein, insured the real and personal property

of Sunny Isles Property Venture, LLC.

2.      Plaintiff's insured, Sunny Isles Property Venture, LLC ("Sunny Isles") is a

Delaware limited liability company with its principal place of business at 1300 Brickell Avenue,

Miami, FL 33131. At all relevant times, Sunny Isles owned and operated a high-rise building of

luxury condominiums at 15795 and 15701 Collins Avenue, Sunny Isles Beach, Florida 33160.

3.      Upon information and belief, Defendant Bosch Thermotechnology Corp. ("Bosch")

is a Delaware corporation with its principal place of business at 50 Wentworth Avenue,

Londonberry, New Hampshire 03053 and which is authorized to, and is doing business in the state of Florida.

## JURISDICTION AND VENUE

4.     The amount in controversy in this lawsuit is within the jurisdiction of this Court and exceeds the Court's minimum requirement.

5.     Venue is proper in this Court as the events giving rise to Plaintiff's claim occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

6.     This action arises out of water damage to Sunny Isles' property on or about June 27, 2020 (the "Water Damage Event").

7.     The Water Damage Event occurred Sunny Isles' condominium property known as the Ritz-Carlton Residences and located at 15795 and 15701 Collins Avenue, Sunny Isles Beach, Florida 33160 (the "Property"). The Property was in the process of being constructed.

8.     The Water Damage Event was caused when a water pipe connection within an HVAC unit in Unit 904 of the Property separated.

9.     The separation of the pipe connection within the HVAC unit allowed for water to escape, causing substantial damage to Sunny Isles' Property.

10.     Upon information and belief, Bosch designed, manufactured, and/or sold the subject HVAC unit (the "HVAC Unit").

11.     At all relevant times herein, Plaintiff provided a policy of insurance to Sunny Isles, insuring the Property.

12.     As a result of the Water Damage Event, Sunny Isles suffered damages totaling, at least, $450,194.57.

2

13.     As a result of the aforementioned damages, Sunny Isles submitted a property insurance claim to Plaintiff.

14.     As a result of that claim, and pursuant to the terms of the policy, Plaintiff was obligated to pay and did pay Sunny Isles for its damage, less the applicable deductible.

15.     As such, to the extent of payments made, Plaintiff has become subrogated to the rights of Sunny Isles as against Bosch.

## COUNT I – STRICT PRODUCT LIABILITY – DEFECTIVE MANUFACTURE

16.     Plaintiff restates each allegation in the foregoing Paragraphs as though fully set forth herein.

17.     Upon information and belief, at all relevant times, Bosch was in the business of manufacturing, designing, installing, producing, and/or otherwise placing into the stream of commerce HVAC products, such as the subject HVAC Unit at issue in this case.

18.     Bosch manufactured, designed, installed, produced, and/or otherwise placed the subject HVAC Unit into the stream of commerce.

19.     The subject HVAC Unit, as manufactured by Bosch, was defective in manufacture in that the HVAC Unit's water line connection coupling was not properly inserted or properly soldered in the manufacturing process.

20.     The manufacture of the HVAC Unit deviated in a material way from the design specification and performance standard of the manufacturer.

21.     The HVAC Unit was defective in manufacture at the time it left Bosch's control.

22.     As a direct and proximate result of the defect, the HVAC Unit failed, allowing water to escape throughout Sunny Isles' Property.

3

23.     The HVAC Unit was unreasonably dangerous; the risks posed by it exceeded those that could be expected by a reasonable buyer.  Additionally, the risks could have been avoided during manufacture by ensuring the pipe connection contained within the product was secure and would not separate during normal use.

24.     As a direct and proximate result of the failure, Sunny Isles sustained property damage totaling, at least, $450,194.57.

25.     As a result of the aforementioned damage, Sunny Isles submitted a property insurance claim to Plaintiff.

26.     As a result of that claim, and pursuant to the terms of the policy, Plaintiff was obligated to pay and did pay Sunny Isles for its damage, less the applicable deductible.

27.     As such, to the extent of payments made, Plaintiff has become subrogated to the rights of Sunny Isles as against Bosch.

**WHEREFORE**, Plaintiff, Starr Indemnity & Liability Company hereby requests that this Court grand Judgment in its favor against Defendant, Bosch Thermotechnology Corp., awarding Plaintiff recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

## COUNT II – BREACH OF EXPRESS AND/OR IMPLIED WARRANTY

28.     Plaintiff restates each allegation in the foregoing Paragraphs as though fully set forth herein.

29.     At all relevant times herein, Bosch manufactured goods, specifically the subject HVAC Unit to be sold to Sunny Isles and installed in Sunny Isles' Property.

30.     Bosch is a merchant with respect to goods such as the HVAC Unit.

4

31.     Bosch expressly and/or impliedly warranted that the HVAC Unit was fit and safe for its intended and ordinary purpose and of a merchantable quality.

32.     Sunny Isles relied upon the skill, judgment, and reputation of Bosch to design, manufacture, and distribute the HVAC Unit such that it would be fit for its intended and ordinary use and purpose and of merchantable quality.

33.     Bosch breached the warranties when it manufactured and sold the HVAC Unit that was not fit or safe for its intended and ordinary use and purpose, was not of merchantable quality, and contained a manufacturing defect.

34.     The defect in the HVAC Unit existed at the time of sale.

35.     As a direct and proximate result of the defect, the HVAC Unit failed, allowing water to escape throughout Sunny Isles' Property.

36.     As a direct and proximate result of the failure, Sunny Isles sustained property damage totaling, at least, $450,194.57.

37.     As a result of the aforementioned damages, Sunny Isles submitted a property insurance claim to Plaintiff.

38.     As a result of that claim, and pursuant to the terms of the policy, Plaintiff was obligated to pay and did pay Sunny Isles for its damage, less the applicable deductible.

39.     As such, to the extent of payments made, Plaintiff has become subrogated to the rights of Sunny Isles as against Bosch.

**WHEREFORE**, Plaintiff, Starr Indemnity & Liability Company hereby requests that this Court grand Judgment in its favor against Defendant, Bosch Thermotechnology Corp., awarding Plaintiff recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees

and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

## **JURY DEMAND**

Plaintiff respectfully requests trial by jury on all issues so triable.

Dated this 24th day of June 2022.

<div style="margin-left: 40%;">

KATHRYN SMITH LAW, PLLC

By: *Kathryn Smith*
Kathryn Smith, Esquire
Florida Bar No.:095280
kathy@kathrynsmithlawfirm.com
melanie@kathrynsmithlawfirm.com
150 North Spring Lake Drive
Altamonte Springs, Florida 32714
Telephone: (407) 342-7282
(*counsel for Plaintiff*)

</div>